IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON SLIGOWSKI, ) | | |
| on behalf of plaintiff and a class, ) | | |
| ) | | |
| Plaintiffs, ) | | 08 C 551 |
| ) | | |
| vs. ) | | Judge Der-Yeghiayan |
| ) | | |
| ASSET ACCEPTANCE, LLC, ) | | |
| ) | | |
| Defendant. ) | | |

**JOINT JURISDICTIONAL AND INITIAL STATUS REPORT**

Pursuant to Fed.R.Civ.P. 26(f) and this Court's standing orders, the parties, represented by Francis R. Greene for plaintiff and Jennifer W. Weller for defendant, met and conferred by telephone on March 10, 2008 and, in accordance with that meeting, hereby present the following joint initial and jurisdictional status report.[1]

**A.     Bases for federal jurisdiction.**

  *I.     Subject matter jurisdiction.*

Because plaintiff has alleged that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), plaintiff believes this Court has subject matter jurisdiction pursuant to 15 U.S.C. §1692k, 28 U.S.C. §1331 and 28 U.S.C. §1337. Plaintiff also believes there is jurisdiction under 28 U.S.C. §1367 and 28 U.S.C. §1332(d). Defendant believes that, if an arbitration clause governs, the Court may not have subject matter jurisdiction over the claims of Plaintiff and the putative class.

  *II.     Venue.*

Plaintiff believes that venue is appropriate in the Northern District of Illinois.  At all

---

[1]  Because subject matter jurisdiction is based on a federal question, the parties have incorporated the joint jurisdictional report into the initial status report.

times relevant to this litigation, and at the present time, defendant does business within this District. Plaintiff was at the time of the events described in her complaint, and is currently, a resident of Elk Grove Village, Illinois. The events giving rise to plaintiff's claims under the FDCPA occurred in this District. Defendant believes that, if an arbitration clause governs, the Court may not have subject matter jurisdiction over the claims of Plaintiff and the putative class.

**B.    Initial status of the case.**

    **1.    Nature of claims and counterclaims.**

Plaintiff claims that defendant violated the Fair Debt Collection Practices Act (Count I) and the Illinois Collection Agency Act (Count II) by filing and prosecuting time-barred lawsuits on credit card debts that were allegedly more than five years old.

Defendant's answer to the complaint is due March 11, 2008. Defendant denies liability for the claimed violations, denies wrongdoing generally, and will be filing affirmative defenses. There are no counterclaims.

    **2.    Relief sought by plaintiff.**

In Count I, Plaintiff seeks statutory damages, actual damages, attorney's fees, litigation expenses, and costs of suit, and any other relief the Court deems appropriate. In Count II, Plaintiff seeks compensatory damages (including general damages) and punitive damages, an injunction against further violations, costs of suit, and any other relief the Court deems appropriate.

    **3.    Names of parties not served.**

All parties have been served.

    **4.    Principal legal issues.**

The following is a list of the legal issues involved in this case:

    a.    Whether or not defendant engages in a practice of filing suit on time-barred debts;

 b. Whether or not such practice violates the FDCPA and the Illinois Collection Agency Act;

 c. Whether or not defendant is excused from liability by virtue of the bona fide error defense;

 d. Whether or not plaintiff can meet the requirements of Fed.R.Civ.P.23 relating to the certification of a class.

 e. Whether or not the state court litigation was time-barred.

 f. Those legal issues asserted in defendant's affirmative defenses.

**5. Principal factual issues.**

The following is a list of the factual issues involved in this case:

 a. Facts relating to defendant's filing of lawsuits on credit card debts;

 b. Facts relevant to the question of whether defendant violated the FDCPA and the Collection Agency Act.

**6. List of pending motions and brief summary of bases for motions.**

There are no motions currently pending.

**7. Description of discovery requested and exchanged.**

No discovery has yet been exchanged.

**8. Type(s) of discovery needed.**

The parties will need discovery on the facts and merits of the case, and possibly expert witnesses. The parties will take written and oral discovery. Plaintiff will take discovery related to defendant's practices related to the filing of lawsuits on alleged time-barred debts, defendant's bona fide error defense, and facts supporting class certification. Defendant will seek discovery relating to whether this action can be maintained as a class action and regarding the merits of plaintiff's claims and alleged damages.

**9. Agreed dates for: Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion (including dates for the delivery of expert reports), filing of dispositive motions, filing of a final pretrial order.**

The parties agree on the following discovery deadlines:

a.  Rule 26(a)(1) disclosures shall be made by March 27, 2008.

b.  All discovery will be completed by September 13, 2008.

c.  Plaintiff shall disclose his expert witness, pursuant to Fed.R.Civ.P. 26(a)(2), by July 13, 2008, and defendant shall disclose its expert witness, pursuant to Fed.R.Civ.P. 26(a)(2), by August 13, 2008.

d.  Summary judgment motions shall be filed on or before October 13, 2008, with responses due on November 10, 2008 and replies due on December 8, 2008

e.  The parties respectfully suggest that, because summary judgment motions are likely in this case, this Court not set a trial date and a date for filing of a final pre-trial order until this Court rules on any summary judgment motions.

**10.    Estimation of when the case will be ready for trial.**

On account of the schedule for summary judgment proposed herein, the parties believe that this case would be ready for trial in March 2009. However, the parties respectfully suggest that a final trial date not be set until the resolution of the parties' dispositive motions.

**11.    Probable length of trial.**

The trial will probably take no more than 3 days to complete.

**12.    Whether a request has been made for a jury trial.**

Plaintiff has requested a trial by jury.

**13.    Whether there have been settlement discussions and if so the outcome of those discussions.**

There have been no settlement discussions between the parties.

**14.    Whether the parties consent to proceed before a Magistrate Judge.**

The parties do not unanimously consent to a magistrate judge at this time.

Respectfully submitted,

| | |
|---|---|
| s/Francis R, Greene | s/Jennifer W. Weller |
| Daniel A. Edelman | David M. Schultz |
| Cathleen M. Combs | Jennifer W. Weller |
| James O. Latturner | HINSHAW & CULBERTSON LLP |

| | |
|---|---|
| Francis R. Greene<br>EDELMAN, COMBS, LATTURNER<br>& GOODWIN, LLC<br>120 South LaSalle Street, 18th Floor<br>Chicago, Illinois  60603<br>(312) 739-4200<br>(312) 419-0379 (FAX)<br>courtecl@edcombs.com<br>fgreene@edcombs.com | 222. North LaSalle Street<br>Suite 300<br>Chicago, Illinois 60601<br>(312) 704-3000<br>(312) 7104-3001 (FAX)<br>dschultz@hinshawlaw.com<br>jweller@hinshawlaw.com |

## CERTIFICATE OF SERVICE

I, Francis R. Greene, hereby certify that on March 10, 2008, the preceding was filed electronically with the Court and served upon the individuals listed below by operation of the Court's electronic filing system:

David M. Schultz
dschultz@hinshawlaw.com

Jennifer W. Weller
jweller@hinshawlaw.com

                                                    s/Francis R. Greene
                                                    Francis R. Greene