## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SHARON SLIGOWSKI, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 551 |
| | ) | |
| vs. | ) | Judge Der-Yeghiayan |
| | ) | |
| ASSET ACCEPTANCE, LLC, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT -
## CLASS ACTION MATTERS COMMON TO MULTIPLE CLAIMS

Defendant, ASSET ACCEPTANCE, LLC, by and through its attorneys DAVID M. SCHULTZ and JENNIFER W. WELLER, and for its Answer to Plaintiff's Complaint states as follows:

### INTRODUCTION

1.      Plaintiff Sharon Sligowski brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Asset Acceptance, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and state law.

**ANSWER:      Defendant admits plaintiff purports to state a claim for a violation of the Fair Debt Collection Practices Act ("FDCPA") and in further answering denies that it has violated the FDCPA or any other law and denies the remaining allegations contained in paragraph 1.**

6292426v1 885428

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

**ANSWER:   Defendant admits that plaintiff paraphrases certain sections of the FDCPA but denies that plaintiff fully or accurately sets forth those provisions.**

3.     Specifically, plaintiff alleges that defendant systematically engaged in filing lawsuits on time-barred debts which it purchases for a few cents on the dollar.

**ANSWER:   Defendant admits that plaintiff makes certain allegations, however defendant denies those allegations.**

## VENUE AND JURISDICTION

4.     This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1332(d) (special class action provision), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. § 1367 (supplemental jurisdiction).   The amount in controversy, on a classwide basis, exceeds $5 million.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 because plaintiff's claims may be subject to an arbitration clause in her cardholder agreement.**

5.     Venue and personal jurisdiction in this District are proper because:

       a.     Defendant's collection communications and activities impacted by plaintiff within this District;

       b.     Defendant does business within this District.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 because plaintiff's claims may be subject to an arbitration clause in her cardholder agreement.**

2

## PARTIES

6.      Plaintiff is an individual who resides in the Northern District of Illinois and is a citizen and domiciliary of Illinois.

**ANSWER:   Defendant admits that its business records contain an Elk Grove Village address for plaintiff but is without knowledge or information sufficient to form a belief as to where plaintiff resides as of the date of this answer.**

7.      Defendant Asset Acceptance, LLC is a limited liability company organized under Delaware law with its principal place of business located in Michigan.  It does business in Illinois.  It has offices at 55 East Jackson, Chicago, IL  60604.  Its registered agent and office within Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL  60604. On information and belief, all members and managers of Asset Acceptance, LLC are citizens of Michigan.

**ANSWER:   Defendant admits the allegations in sentences 1-3 of paragraph 7.**

8.      Asset Acceptance, LLC is engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers.

**ANSWER:   Defendant admits that it engages in the collection of consumer debt and denies the remaining allegations.**

9.      Asset Acceptance, LLC pays pennies on the dollar for the debts it purchases.

**ANSWER:   Defendant denies the allegations contained in paragraph 9 because it denies plaintiff's characterization of its business.**

10.      According to the annual report on SEC Form 10-K for the year ending December 31, 2006 filed by its parent Asset Acceptance Capital Corporation (original page 3), "From January 1, 1997 through December 31, 2006, we have purchased 740 consumer debt portfolios, with an original charged-off face value of $27.0 billion for an aggregate purchase price of $579.4 million, or 2.14% of face value, net of buybacks."

**ANSWER:   Defendant admits the quoted statement is contained in the Form 10-K**

3

**for the year ending December 31, 2006.**

11.    Asset Acceptance, LLC regularly files lawsuits to attempt to collect the debts.

**ANSWER:   Defendant admits it files lawsuits for collection of debts, however, defendant denies the remaining allegations because it does not know what plaintiff means by "regularly."**

12.    Asset Acceptance, LLC is a debt collector as defined in the FDCPA.

**ANSWER:   Defendant admits that for some purposes it is a debt collector, however, defendant is without knowledge or information sufficient to form a belief as to whether it acted as a debt collector with respect to plaintiff's debt because it does not know the purpose for which plaintiff incurred her debt.**

13.    Asset Acceptance, LLC filed more than 1,000 lawsuits per month in the Circuit Court of Cook County during 2007.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.**

14.    According to the annual report on SEC Form 10-K for the year ending December 31, 2005 filed by its parent Asset Acceptance Capital Corporation (original page 31), "During 2006, legal cash collections constituted 39.3% of total cash collections compared to 35.8% for 2005. Legal collections continue to increase as a percentage of total collections. This trend is a result of an increase in the volume of suits initiated over the last couple of years."

**ANSWER:   Defendant admits the quoted statement is contained in Asset Acceptance Capital Corporation's 10-K filing for the year ending December 31, 2006.**

15.    The "legal cash collections" mean collections through filing lawsuits.

**ANSWER:   Defendant denies that "legal cash collections" is defined in the referenced 10-K.**

4

16.    The mails and telephones are used in connection with the collection of debts and prosecution of collection litigation by or on behalf of Asset Acceptance, LLC.

**ANSWER:    Defendant admits that depending on the circumstances, the mail and telephone may be used in connection with accounts referred to legal counsel and denies the remaining allegations.**

17.    Asset Acceptance, LLC is a debt collector as defined in the FDCPA.

**ANSWER:    Defendant admits that for some purposes it is a debt collector, however, defendant is without knowledge or information sufficient to form a belief as to whether it acted as a debt collector with respect to plaintiff's debt because it does not know the purpose for which plaintiff incurred her debt.**

18.    Asset Acceptance, LLC is a "collection agency" as defined in the Illinois Collection Agency Act, as amended effective January 1, 2008.

**ANSWER:    Defendant admits that it may be considered a collection agency for some purposes but not others and may not be considered a collection agency with respect to plaintiff's debt, and denies the remaining allegations in paragraph 18.**

## FACTS

19.    On or about September 5, 2007, Asset Acceptance, LLC represented by its staff counsel, filed suit against plaintiff Sharon Sligowski in the Circuit Court of Cook County to collect a purported credit card debt which was alleged to have been originally owed to Providian Bank. The complaint in case no. 07 MI 187741 is in Appendix A. The case remains pending as of January 14, 2008.

**ANSWER:    Defendant admits the allegations contained in paragraph 19.**

20.    The alleged debt was incurred for personal, family or household purposes.

**ANSWER:    Defendant is without knowledge or information sufficient to form a**

5

belief as to the truth of the allegations contained in paragraph 20.

21.    The complaint did not have attached to it a contract signed by the putative debtor.

**ANSWER:    Defendant admits the allegations contained in paragraph 21.**

22.    Most complaints filed by Asset Acceptance, LLC on credit card debts in Illinois courts are based on credit card debts allegedly originated by banks.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.**

23.    On information and belief, based on review of many such complaints, complaints filed by Asset Acceptance, LLC on credit cards debts in Illinois courts never have attached to them a contract signed by the putative debtor.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.**

24.    The alleged credit card debt that Asset Acceptance, LLC sought to collect from plaintiff allegedly went into default more than five years prior to the filing of suit.

**ANSWER:    Defendant admits the allegations contained in paragraph 24.**

25.    All collection files on which Asset Acceptance, LLC files suit contain, in easily retrievable form:

a.    The "date of last payment" allegedly made by the debtor; and

b.    The "date of delinquency" that resulted in the debt being charged off.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.**

26.    This information was also included on a page attached to most or all collection lawsuits filed by Asset Acceptance, LLC in Illinois during 2007.

**ANSWER:    Defendant is without knowledge or information sufficient to form a**

6292426v1 885428

**belief as to the truth of the allegations contained in paragraph 26.**

27.    The statute of limitations applicable to an action on a contract that is not wholly in writing under Illinois law is five years. 735 ILCS 5/13-205. Parkis v. Arrow Financial Services, LLC, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008); Nicolai v. Mason, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

**ANSWER:    Defendant denies the allegations contained in paragraph 27.**

28.    Under Illinois law, for there to be "written contract" the writing be "complete," in that it identifies the parties, states the date of the agreement; contains the signatures of the parties; and sets forth all terms o the parties' agreement. Brown v. Goodman, 147 Ill.App.3d 935, 940, 498 N.E.2d 854 (1st Dist. 1986). "The test for whether a contract is written under the statute of limitations in Illinois is not whether the contract meets the requirements of the Statute of Frauds, but whether all essential terms of the contract, including the identity of the parties, are in writing and can be ascertained from the written instrument itself.: Brown v. Goodman, supra, 147 Ill. App. 3d at 940-41. If any essential element of the contract is omitted from the writing, "'then the contract *must* be treated as oral for purposes of the statute of limitations.'" Armstrong v. Guigler, 174 Ill.2d 281, 288, 673 N.E.2d 290, 295 (1996).

**ANSWER:    Defendant denies the allegations contained in paragraph 28.**

29.    If nothing amounting to a contract wholly in writing is attached to the complaint pursuant to 735 ILCS 5/2-606, it is presumed that the contract is not wholly in writing. Barnes v. Peoples Gas Light & Coke Co., 103 Ill.App.2d 425, 428, 243 N.E.2d 855 (1st Dist. 1968) ("The complaint does not purport to be based on a written instrument such as a tariff. If it were, then, of course, the relevant portions of that instrument would have to be recited in, or attached to, the pleading, and, as indicated, they were not."); O.K. Electric Co. v. Fernandes, 111 Ill.App.3d 466, 444 N.E.2d 264, 266-67 (2nd Dist. 1982) ("Unless the complaint purported to be based upon a written instrument, it is assumed to be an oral contract.").

**ANSWER:    Defendant denies the allegations contained in paragraph 29.**

30.    Furthermore, a contract is not wholly in writing if it is subject to change from time to time by means of one party sending terms to the other and the other continuing to do business or failing to object. Toth v. Mansell, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); Classified Ventures, Inc. v. Wrenchead, Inc., 06 C 2372, 2006 U.S. Dist. LEXIS

6292426v1 885428

77359 (N.D. Ill., October 11, 2006). This is because parol evidence is necessary to show what terms were sent from time to time and that the putative debtor accepted them by continuing to do business.

**ANSWER:    Defendant denies that plaintiff fully or accurately sets forth the holdings in the cited cases and denies the allegations contained in paragraph 30.**

31.    Defendant Asset Acceptance, LLC regularly files suits against Illinois residents on credit card debts that are (a) in default more than five years, as measured by the later of the date of last payment or the charge-off date, (b) without attaching a contract signed by the debtor. Furthermore, the credit cards were originally issued by banks which conducted business by notifying the consumer periodically of new terms, which terms were accepted by the consumer either continuing to do business or failing to object.

**ANSWER:    Defendant admits that it files suit in Illinois for collection of credit card debts and denies the remaining allegations.**

32.    Defendant Asset Acceptance, LLC intentionally filed suit on credit card debts that allegedly went into default more than five years previously, claiming that it had ten years to file suit.

**ANSWER:    Defendant denies the allegations contained in paragraph 32.**

33.    Defendant Asset Acceptance, LLC filed suit on more than 50 credit card debts that allegedly went into default more than five years previously each month during 2007.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.**

## COUNT I – FDCPA

34.    Plaintiff incorporates paragraphs 1-33.

**ANSWER:    For its answer to paragraph 34, defendant restates and reincorporates its answers to paragraphs 1 through 33 as if fully set forth herein.**

8

35.    The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. § 1692f.

**ANSWER:    Defendant denies it files time-barred lawsuits and accordingly denies each and every allegation contained in paragraph 35.**

36.    Section 1692e provides:

**§1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...**

**(2)    The false representation of—**

**(A)    the character, amount, or legal status of any debt;...**

**(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .**

**ANSWER:    Defendant admits that paragraph 36 recites certain portions of § 1692e and denies that it violated these provisions.**

37.    Section 1692f provides:

**§1692f.        Unfair practices [Section 808 of P.L.]**

**A debt collector may not use any unfair or unconscionable**

9

6292426v1 885428

means to collect or attempt to collect any debt . . .

**ANSWER:** **Defendant admits that paragraph 37 cites a portion of § 1692f and denies that it violated § 1692f.**

## CLASS ALLEGATIONS

38.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:** **Defendant admits that plaintiff's complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 38.**

39.    The class consists of (a) all individuals (b) against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, (c) to collect an alleged credit card debt (d) where the later of the "date of delinquency" or "date of last payment", according to the records of Asset Acceptance, LLC, was more than five years prior to the filing at the time of filing, (e) which lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:** **Defendant admits that plaintiff's complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 39.**

40.    The class is so numerous that joinder of all members is not practicable.

**ANSWER:** **Defendant admits that plaintiff's complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 40.**

41.    On information and belief, there are more than 50 individuals against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, to collect an alleged credit card debt where the later of the "date of delinquency" or "date of last payment", according to the records

10

of Asset Acceptance, LLC, was more than five years prior to the filing at the time of filing, which lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:    Defendant admits that plaintiff's complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 41.**

42.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the FDCPA.

**ANSWER:    Defendant admits that plaintiff's complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 42.**

43.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

**ANSWER:    Defendant admits that plaintiff's complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 43.**

44.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:    Defendant admits that plaintiff's complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 44.**

45.    A class action is superior for the fair and efficient adjudication of this matter, in that:

a.   Individual actions are not economically feasible.

b.   Members of the class are likely to be unaware of their rights;

c.   Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:**   **Defendant admits that plaintiff's complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 45.**

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

46.   Plaintiff incorporates paragraphs 1-33.

**ANSWER:**   **For its answer to paragraph 46, defendant restates and realleges its answers to paragraphs 1 through 33 as if fully set forth herein.**

47.   Asset Acceptance, LLC is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq., as amended effective January 1, 2008.

**ANSWER:**   **Defendant admits that for some purposes it may be considered a collection agency.**

48.   Effective January 1, 2008, "collection agency" in 225 ILCS 425/2 was defined to include "any person who, in the ordinary course of business, regularly, <u>on behalf of himself or herself or others</u>, engages in debt collection." (Emphasis added)

**ANSWER:**   **Defendant admits the allegations contained in paragraph 48.**

49.   In addition, 225 ILCS 425/2.02 now defines "collection agency" to mean "any person, association, partnership, corporation, or legal entity who, for compensation, either contingent or otherwise, or for other valuable consideration, offers services to collect an alleged delinquent debt".

**ANSWER:**   **Defendant denies the allegations contained in paragraph 49.**

6292426v1 885428

50.    Finally, 225 ILCS 425/3 was amended to provide that "A person association, partnership, corporation, or other legal entity acts as a collection agency when he or it: . . . (d) Buys accounts, bills or other indebtedness and engages in collection the same . . ." Previously 225 ILCS 425/3 had provided that one was a "collection agency" if one "Buys accounts, bills or other indebtedness with recourse and engages in collection the same . . . ."

**ANSWER:    Defendant admits the allegations contained in paragraph 50.**

51.    The purpose of the additions and changes to the Illinois Collection Agency Act quoted above was to bring within the definitions entities such as Asset Acceptance, LLC which purchase delinquent debts for their own account and collect them.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.**

52.    By filing and prosecuting suits on time-barred debts, Asset Acceptance, LLC violated the following provisions of 225 ILCS 425/9(a), which defines violations of the Collection Agency Act:

> **. . . (20)    Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**
>
> **(31)    Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public . . . .**

**ANSWER:    Defendant denies the allegations contained in paragraph 52.**

53.    There is a private right of action exists for violation of the Collection Agency Act. Sherman v. Field Clinic, 74 Ill.App.3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:    Defendant admits only that a private right of action was found for a violation of section 9 of the Collection Agency Act in the referenced case and denies the remaining allegations.**

6292426v1 885428

54.    Plaintiff was damaged as a result of defendant's violations.

**ANSWER:    Defendant denies the allegations contained in paragraph 54.**

55.    Defendant's violations were intentional and malicious.

**ANSWER:    Defendant denies the allegations contained in paragraph 55.**

## CLASS ALLEGATIONS

56.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:    Defendant admits that plaintiff purports to bring her claims on behalf of a class, however defendant denies that a class exists or that one should be certified.**

57.    The class consists of (a) all individuals (b) against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, (c) to collect an alleged bank-issued credit card debt (d) where the later of the "date of delinquency" or "date of last payment", according to the records of Asset Acceptance, LLC, was more than five years prior to the filing at the time of filing, (e) which lawsuit was pending at any time after December 31, 2007.

**ANSWER:    Defendant admits that plaintiff purports to bring her claims on behalf of a class, however defendant denies that a class exists or that one should be certified.**

58.    The class is so numerous that joinder of all members is not practicable.

**ANSWER:    Defendant admits that plaintiff purports to bring her claims on behalf of a class, however defendant denies that a class exists or that one should be certified.**

59.    On information and belief, there are more than 50 individuals against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, to collect an alleged bank-issued credit card debt, where the later of the "date of delinquency" or "date of last payment", according to the records of Asset Acceptance, LLC, was more than five years prior to the filing at the time of filing, which lawsuit was pending at any time after December 31, 2007.

**ANSWER:    Defendant admits that plaintiff purports to bring her claims on behalf**

14

**of a class, however defendant denies that a class exists or that one should be certified.**

60.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the Collection Agency Act.

**ANSWER:    Defendant admits that plaintiff purports to bring her claims on behalf of a class, however defendant denies that a class exists or that one should be certified.**

61.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:    Defendant admits that plaintiff purports to bring her claims on behalf of a class, however defendant denies that a class exists or that one should be certified.**

62.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

**ANSWER:    Defendant admits that plaintiff purports to bring her claims on behalf of a class, however defendant denies that a class exists or that one should be certified.**

63.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible.

    b.    Members of the class are likely to be unaware of their rights;

**ANSWER:    Defendant admits that plaintiff purports to bring her claims on behalf of a class, however defendant denies that a class exists or that one should be certified.**

## AFFIRMATIVE DEFENSES

1.    For its first affirmative defense, defendant states that plaintiff has failed to state a claim pursuant to the FDCPA because defendant's state court complaint was not time-barred.

The attached credit card statements are written evidence of plaintiff's indebtedness. 735 ILCS 5/13-206.

2.    For its second affirmative defense, defendant states that any violation of the FDCPA, which defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

3.    For its third affirmative defense, defendant states that plaintiff and/or some of the putative class member's purported causes of action may not be allowed to proceed within the United States District Court system as defendant may possess the contractual right to move to compel arbitration based on contracts entered into by individual class members.

4.    For its fourth affirmative defense, defendant asserts that plaintiff's claims are barred by the litigation privilege and doctrine of absolute witness immunity.

5.    For its fifth affirmative defense, defendant states that additional affirmative defenses may exist as to individual class members such as the voluntary payment doctrine, claims subject to bankruptcy, the Rooker-Feldman doctrine or other defenses.

6.    For its sixth affirmative defense, defendant states that under the Noerr Pennington doctrine, Asset is immune from suit under the FDCPA for pursuing state court litigation against plaintiff.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Jennifer W. Weller
      Jennifer W. Weller

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

16