IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON SLIGOWSKI, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiffs, | ) | 08 C 551 |
| | ) | |
| vs. | ) | Judge Der-Yeghiayan |
| | ) | |
| ASSET ACCEPTANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Sharon Sligowski, respectfully requests leave to file an amended complaint, attached hereto as Exhibit A.

The grounds for this motion are as follows:

1. Plaintiff Sharon Sligowski commenced this action to secure redress from unlawful credit and collection practices, namely, the systematic collection of time-barred telecommunications debts.

2. Plaintiff desires to add three additionals plaintiff with similar claims against the defendants.

5. Fed.R.Civ.Proc. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires."  A district court should only deny a motion to amend a complaint if there is a substantial reason to do so.  Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984)  ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

6.	The amendments will not cause any prejudice to the defendants given the early stage of this litigation.  See <u>Johnson v. Oroweat Foods</u>, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial);  <u>Hely & Patterson Intern v. F.D. Rich Housing</u>, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely");  <u>Head v. Timken Roller Bearing Co.</u>, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests leave to file an amended complaint.

>	Respectfully submitted,
>
>	s/Daniel A. Edelman
>	Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
         & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20830\Pleading\Plaintiff's Motion for Leave to File Amended Complaint_Pleading.WPD

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on May 27, 2008, I caused to be filed the foregoing document via the CM/ECF System, which sent notification of such filing to the following parties via electronic mail:

David M. Schultz
dschultz@hinshawlaw.com

Jennifer W. Weller
jweller@hinshawlaw.com

                                              s/Daniel A. Edelman
                                              Daniel A. Edelman