**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHARON SLIGOWSKI; ROMAN URBANIAK, ANTHONY ADAMS and ZONDRA DAVIS, individually and on behalf of a class, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 08 C 551 |
| vs. | ) ) | Judge Der-Yeghiayan |
| ASSET ACCEPTANCE, LLC, | ) ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1. Plaintiffs Sharon Sligowski, Roman A. Urbaniak, Anthony Adams and Zondra Davis bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Asset Acceptance, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. Specifically, plaintiffs allege that defendant systematically engaged in filing lawsuits on time-barred debts which it purchases for a few cents on the dollar.

### VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question), 28 U.S.C. 1332(d) (special class action provision), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. §1367 (supplemental jurisdiction). The amount in

controversy, on a classwide basis, exceeds $5 million.

 5. Venue and personal jurisdiction in this District are proper because:

  a. Defendant's collection communications and activities impacted plaintiff within this District;

  b. Defendant does business within this District.

## PARTIES

 6. Plaintiff Sligowski is an individual who resides in the Northern District of Illinois and is a citizen and domiciliary of Illinois.

 7. Plaintiff Urbaniak is an individual who resides in the Northern District of Illinois and is a citizen and domiciliary of Illinois

 8. Plaintiff Adams is an individual who resides in the Northern District of Illinois and is a citizen and domiciliary of Illinois

 9. Plaintiff Davis is an individual who resides in the Northern District of Illinois and is a citizen and domiciliary of Illinois

 10. Defendant Asset Acceptance, LLC is a limited liability company organized under Delaware law with its principal place of business located in Michigan. It does business in Illinois. It has offices at 55 E. Jackson, Chicago, IL 60604. Its registered agent and office within Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. On information and belief, all members and managers of Asset Acceptance, LLC are citizens of Michigan.

 11. Asset Acceptance, LLC is engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers.

 12. Asset Acceptance, LLC pays pennies on the dollar for the debts it purchases.

 13. According to the annual report on SEC Form 10-K for the year ending December 31, 2006 filed by its parent Asset Acceptance Capital Corporation (original page 3),

"From January 1, 1997 through December 31, 2006, we have purchased 740 consumer debt portfolios, with an original charged-off face value of $27.0 billion for an aggregate purchase price of $579.4 million, or 2.14% of face value, net of buybacks."

14. Asset Acceptance, LLC regularly files lawsuits to attempt to collect the debts.

15. Asset Acceptance, LLC is a debt collector as defined in the FDCPA.

16. Asset Acceptance, LLC filed more than 1,000 lawsuits per month in the Circuit Court of Cook County during 2007.

17. According to the annual report on SEC Form 10-K for the year ending December 31, 2006 filed by its parent Asset Acceptance Capital Corporation (original page 31), "During 2006, legal cash collections constituted 39.3% of total cash collections compared to 35.8% for 2005. Legal collections continue to increase as a percentage of total collections. This trend is a result of an increase in the volume of suits initiated over the last couple of years."

18. The "legal cash collections" mean collections through filing lawsuits.

19. The mails and telephones are used in connection with the collection of debts and prosecution of collection litigation by or on behalf of Asset Acceptance, LLC.

20. Asset Acceptance, LLC is a debt collector as defined in the FDCPA.

21. Asset Acceptance, LLC is a "collection agency" as defined in the Illinois Collection Agency Act, as amended effective January 1, 2008.

### FACTS

22. On or about September 5, 2007, Asset Acceptance, LLC, represented by its staff counsel, filed suit against plaintiff Sharon Sligowski in the Circuit Court of Cook County to collect a purported credit card debt which was alleged to have been originally owed to Providian Bank. The complaint in case no. 07 M1 187741 is in Appendix A. The case was dismissed in 2008.

23. The alleged debt was incurred for personal, family or household purposes.

24. The complaint did not have attached to it a contract signed by the putative debtor.

25. On or about January 31, 2007, Asset Acceptance, LLC, represented by its staff counsel, filed suit against plaintiff Roman A. Urbaniak in the Circuit Court of Cook County to collect a purported credit card debt. The case, 07 M1 107498, was dismissed in 2008.

26. The alleged debt was incurred for personal, family or household purposes.

27. The complaint did not have attached to it a contract signed by the putative debtor.

28. On or about July 13, 2007, Asset Acceptance, LLC, represented by its staff counsel, filed suit against plaintiff Anthony L. Adams in the Circuit Court of Cook County to collect a purported credit card debt. The case, 07 M1 170526, was dismissed in 2008.

29. The alleged debt was incurred for personal, family or household purposes.

30. The complaint did not have attached to it a contract signed by the putative debtor.

31. On or about August 7, 2007, Asset Acceptance, LLC, represented by its staff counsel, filed suit against plaintiff Zondra Davis in the Circuit Court of Cook County to collect a purported credit card debt. The case, 07 M1 178240, was dismissed in 2008.

32. The alleged debt was incurred for personal, family or household purposes.

33. The complaint did not have attached to it a contract signed by the putative debtor.

34. Most complaints filed by Asset Acceptance, LLC on credit card debts in Illinois courts are based on credit card debts allegedly originated by banks.

35. On information and belief, based on review of many such complaints, complaints filed by Asset Acceptance, LLC on credit card debts in Illinois courts never have attached to them a contract signed by the putative debtor.

36. The alleged credit card debt that Asset Acceptance, LLC sought to collect from each plaintiff allegedly went into default more than five years prior to the filing of suit.

37. All collection files on which Asset Acceptance, LLC files suit contain, in easily retrievable form:

    a. The "date of last payment" allegedly made by the debtor; and

    b. The "date of delinquency" that resulted in the debt being charged off.

38. This information was also included on a page attached to most or all collection lawsuits filed by Asset Acceptance, LLC in Illinois during 2007.

39. The statute of limitations applicable to an action on a contract that is not wholly in writing under Illinois law is five years. 735 ILCS 5/13-205. Parkis v. Arrow Financial Services, LLC, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008); Nicolai v. Mason, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

40. Under Illinois law, for there to be "written contract" the writing be "complete," in that it identifies the parties, states the date of the agreement; contains the signatures of the parties; and sets forth all terms of the parties' agreement. Brown v. Goodman, 147 Ill.App.3d 935, 940, 498 N.E.2d 854 (1st Dist. 1986). "The test for whether a contract is written under the statute of limitations in Illinois is not whether the contract meets the requirements of the Statute of Frauds, but whether all essential terms of the contract, including the identity of the parties, are in writing and can be ascertained from the written instrument itself." Brown v. Goodman, supra, 147 Ill. App. 3d at 940-41. If *any* essential element of the contract is omitted from the writing, "'then the contract *must* be treated as oral for purposes of the statute of limitations.'" Armstrong v. Guigler, 174 Ill. 2d 281, 288, 673 N.E.2d 290, 295 (1996).

41. If nothing amounting to a contract wholly in writing is attached to the complaint pursuant to 735 ILCS 5/2-606, it is presumed that the contract is not wholly in

5

writing. <u>Barnes v. Peoples Gas Light & Coke Co.</u>, 103 Ill.App.2d 425, 428, 243 N.E.2d 855 (1st Dist. 1968) ("The complaint does not purport to be based on a written instrument such as a tariff. If it were, then, of course, the relevant portions of that instrument would have to be recited in, or attached to, the pleading, and, as indicated, they were not."); <u>O.K. Electric Co. v. Fernandes</u>, 111 Ill.App.3d 466, 444 N.E.2d 264, 266-67 (2nd Dist. 1982) ("Unless the complaint purported to be based upon a written instrument, it is assumed to be an oral contract.").

42. Furthermore, a contract is not wholly in writing if it is subject to change from time to time by means of one party sending terms to the other and the other continuing to do business or failing to object. <u>Toth v. Mansell</u>, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); <u>Classified Ventures, Inc. v. Wrenchead, Inc.</u>, 06 C 2373, 2006 U.S. Dist. LEXIS 77359 (N.D.Ill., October 11, 2006). This is because parol evidence is necessary to show what terms were sent from time to time and that the putative debtor accepted them by continuing to do business.

43. Defendant Asset Acceptance, LLC regularly files suit against Illinois residents on credit card debts that are (a) in default more than five years, as measured by the later of the date of last payment or the charge-off date, (b) without attaching a contract signed by the debtor. Furthermore, the credit cards were originally issued by banks which conducted business by notifying the consumer periodically of new terms, which terms were accepted by the consumer either continuing to do business or failing to object.

44. Defendant Asset Acceptance, LLC intentionally filed suit on credit card debts that allegedly went into default more than five years previously, claiming that it had ten years to file suit.

45. Defendant Asset Acceptance, LLC filed suit on more than 50 credit card debts that allegedly went into default more than five years previously each month during 2007.

## COUNT I – FDCPA

46. Plaintiffs incorporates paragraphs 1-46.

47. The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

48. Section 1692e provides:

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)   The false representation of--**
>
> **(A)   the character, amount, or legal status of any debt; . . .**
>
> **(5)   The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

49. Section 1692f provides:

> **§ 1692f.   Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

50. Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

51. The class consists of (a) all individuals (b) against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, (c) to collect an alleged credit card debt (d) where the later of the "date of delinquency" or "date of last payment", according to the records of Asset Acceptance, LLC, was more than five years prior to the filing at the time of filing, (e) which lawsuit was filed during a period beginning January 25, 2007 (one year prior to the filing of this action) and ending February 14, 2008 (20 days after the filing of this action).

52. The class is so numerous that joinder of all members is not practicable.

53. On information and belief, there are more than 50 individuals against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, to collect an alleged credit card debt where the later of the "date of delinquency" or "date of last payment", according to the records of Asset Acceptance, LLC, was more than five years prior to the filing at the time of filing, which lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

54. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the FDCPA.

55. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

56. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

57. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendant for:

    (1) Statutory damages;

    (2) Actual damages;

    (3) Attorney's fees, litigation expenses and costs of suit;

      (4)      Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

58.      Plaintiffs incorporates paragraphs 1-46.

59.      Asset Acceptance, LLC is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq., as amended effective January 1, 2008.

60.      Effective January 1, 2008, "collection agency" in 225 ILCS 425/2 was defined to include "any person who, in the ordinary course of business, regularly, <u>on behalf of himself or herself or others</u>, engages in debt collection." (Emphasis added)

61.      In addition, 225 ILCS 425/2.02 now defines "collection agency " to mean "any person, association, partnership, corporation, or legal entity who, for compensation, either contingent or otherwise, or for other valuable consideration, offers services to collect an alleged delinquent debt".

62.      Finally, 225 ILCS 425/3 was amended to provide that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it: . . . (d) Buys accounts, bills or other indebtedness and engages in collecting the same . . . ." Previously 225 ILCS 425/3 had provided that one was a "collection agency" if one "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same . . . ."

63.      The purpose of the additions and changes to the Illinois Collection Agency Act quoted above was to bring within the definitions entities such as Asset Acceptance, LLC which purchase delinquent debts for their own account and collect them.

64.      By filing and prosecuting suits on time-barred debts, Asset Acceptance, LLC violated the following provisions of 225 ILCS 425/9(a), which defines violations of the Collection Agency Act:

> . . . .**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**
>
> **(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public. . . .**

9

65. There is a private right of action for violation of the Collection Agency Act. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

66. Plaintiffs were damaged as a result of defendant's violations.

67. Defendant's violations were intentional and malicious.

## CLASS ALLEGATIONS

68. Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

69. The class consists of (a) all individuals (b) against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, (c) to collect an alleged bank-issued credit card debt (d) where the later of the "date of delinquency" or "date of last payment", according to the records of Asset Acceptance, LLC, was more than five years prior to the filing at the time of filing, (e) which lawsuit was pending at any time after December 31, 2007.

70. The class is so numerous that joinder of all members is not practicable.

71. On information and belief, there are more than 50 individuals against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, to collect an alleged bank-issued credit card debt, where the later of the "date of delinquency" or "date of last payment", according to the records of Asset Acceptance, LLC, was more than five years prior to the filing at the time of filing, which lawsuit was pending at any time after December 31, 2007.

72. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the Collection Agency Act.

73. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

74. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and collection abuse litigation.

    75. A class action is superior for the fair and efficient adjudication of this matter, in that:

     a. Individual actions are not economically feasible.

     b. Members of the class are likely to be unaware of their rights.

  WHEREFORE, plaintiffs request that the Court grant the following relief in favor of plaintiffs and against defendant:

    (1) Compensatory damages;

    (2) Punitive damages;

    (3) An injunction against further violations;

    (4) Costs.

    (5) Such other and further relief as is appropriate.

        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
  & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

  Plaintiffs demand trial by jury.

        s/Daniel A. Edelman
        Daniel A. Edelman

11

## **NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on June 5, 2008, I caused to be filed the foregoing document via the CM/ECF System, which sent notification of such filing to the following parties via electronic mail:

David M. Schultz
dschultz@hinshawlaw.com

Jennifer W. Weller
jweller@hinshawlaw.com

                                              s/Daniel A. Edelman
                                              Daniel A. Edelman