IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON SLIGOWSKI, ROMAN URBANIAK, ANTHONY ADAMS and ZONDRA DAVIS, individually on behalf of plaintiff and a class, | ) ) ) ) | |
| | ) | Case No.: 08 C 551 |
| Plaintiff, | ) | |
| | ) | Judge: Der-Yeghiayan |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| ASSET ACCEPTANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT – CLASS ACTION MATTERS COMMON TO MULTIPLE CLAIMS

Defendant, ASSET ACCEPTANCE, LLC, by and through its attorneys DAVID M. SCHULTZ and JENNIFER W. WELLER, and for its Answer to Plaintiff's Amended Complaint states as follows:

### INTRODUCTION

1.     Plaintiffs Sharon Sligowski, Roman A. Urbaniak, Anthony Adams and Zondra Davis brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Asset Acceptance, LLC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and state law.

**ANSWER:   Defendant denies that Sharon Sligowski[1] is a plaintiff or class representative.  Defendant admits that plaintiffs Urbaniak, Adams and Davis purport to state claims for violations of the Fair Debt Collection Practices Act ("FDCPA") and state law, and in further answering denies that it has violated the FDCPA or any other law. Defendant denies the remaining allegations contained in paragraph 1.**

---

[1] Defendant answers no claims as to Sharon Sligowski.  She was dismissed as a plaintiff and class representative by this court on June 11, 2008 (Dkt. 30).

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

**ANSWER:    Defendant denies that Sharon Sligowski is a plaintiff or class representative.  Defendant admits that plaintiffs paraphrase certain sections of the FDCPA but denies that plaintiffs fully or accurately set forth those provisions.**

3.    Specifically, plaintiffs allege that defendant systematically engaged in filing lawsuits on time-barred debts which it purchases for a few cents on the dollar.

**ANSWER:    Defendant denies that Sharon Sligowski is a plaintiff or class representative.  Defendant admits that plaintiffs make certain allegations, however defendant denies those allegations.**

## VENUE AND JURISDICTION

4.    This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1332(d) (special class action provision), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. § 1367 (supplemental jurisdiction).  The amount in controversy, on a classwide basis, exceeds $5 million.

**ANSWER:    Defendant denies that Sharon Sligowski is a plaintiff or class representative and denies paragraph 4 with respect to Sligowski.  As to the remaining allegations contained in paragraph 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations because plaintiffs' claims may be subject to arbitration clauses contained in their cardholder agreements.**

5.    Venue and personal jurisdiction in this District are proper because:

a.    Defendant's collection communications and activities impacted by plaintiff within this District;

b.    Defendant does business within this District.

**ANSWER:    Defendant denies that Sharon Sligowski is a plaintiff or class**

6292426v2 885428

representative and denies paragraph 5 with respect to Sligowski. **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 with respect to the remaining allegations because plaintiffs' claims may be subject to arbitration clauses in their cardholder agreements.**

<u>PARTIES</u>

6.    Plaintiff Sligowski is an individual who resides in the Northern District of Illinois and is a citizen and domiciliary of Illinois.

**<u>ANSWER:</u>   Defendant denies that Sharon Sligowski is a plaintiff or class representative and accordingly denies paragraph 6.**

7.    Plaintiff Urbaniak is an individual who resides in the Northern District of Illinois and is a citizen and domiciliary of Illinois.

**<u>ANSWER:</u>   Defendant admits only that its business records contain a Chicago, Illinois address for Urbaniak.**

8.    Plaintiff Adams is an individual who resides in the Northern District of Illinois and is a citizen and domiciliary of Illinois.

**<u>ANSWER:</u>   Defendant admits only that its business records contain a Chicago, Illinois address for Adams.**

9.    Plaintiff Davis is an individual who resides in the Northern District of Illinois and is a citizen and domiciliary of Illinois.

**<u>ANSWER:</u>   Defendant admits only that its business records contain a Chicago, Illinois address for Davis.**

10.    Defendant Asset Acceptance, LLC is a limited liability company organized under Delaware law with its principal place of business located in Michigan.  It does business in Illinois.  It has offices at 55 East Jackson, Chicago, IL 60604.  Its registered agent and office within Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. On information and belief, all members and managers of Asset Acceptance, LLC are citizens of Michigan.

6292426v2 885428

**ANSWER:    Defendant admits the allegations in sentences 1-3 of paragraph 10.**
**Defendant denies the remaining allegations.**

11.    Asset Acceptance, LLC is engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers.

**ANSWER:    Defendant admits that it engages in the collection of consumer debt**
**and denies the remaining allegations.**

12.    Asset Acceptance, LLC pays pennies on the dollar for the debts it purchases.

**ANSWER:    Defendant denies the allegations contained in paragraph 12 because it**
**denies plaintiffs' characterization of its business.**

13.    According to the annual report on SEC Form 10-K for the year ending December 31, 2006 filed by its parent Asset Acceptance Capital Corporation (original page 3), "From January 1, 1997 through December 31, 2006, we have purchased 740 consumer debt portfolios, with an original charged-off face value of $27.0 billion for an aggregate purchase price of $579.4 million, or 2.14% of face value, net of buybacks."

**ANSWER:    Defendant admits the quoted statement is contained in the Form 10-K**
**for the year ending December 31, 2006.**

14.    Asset Acceptance, LLC regularly files lawsuits to attempt to collect the debts.

**ANSWER:    Defendant admits it files lawsuits for collection of debts, however,**
**defendant denies the remaining allegations because it does not know what plaintiffs means**
**by "regularly."**

15.    Asset Acceptance, LLC is a debt collector as defined in the FDCPA.

**ANSWER:    Defendant admits that for some purposes it is a debt collector,**
**however, defendant is without knowledge or information sufficient to form a belief as to**
**whether it acted as a debt collector with respect to plaintiff Urbaniak, Davis and Adams**
**because it does not know the purpose for which plaintiffs incurred their debts.  Defendant**

6292426v2 885428

states that Sligowski has been dismissed as a plaintiff and class representative and denies

the allegations with respect to Sligowski.

16.     Asset Acceptance, LLC filed more than 1,000 lawsuits per month in the Circuit
Court of Cook County during 2007.

**ANSWER:     Defendant is without knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in paragraph 16.**

17.     According to the annual report on SEC Form 10-K for the year ending
December 31, 2005 filed by its parent Asset Acceptance Capital Corporation (original page 31),
"During 2006, legal cash collections constituted 39.3% of total cash collections compared to
35.8% for 2005.  Legal collections continue to increase as a percentage of total collections.  This
trend is a result of an increase in the volume of suits initiated over the last couple of years."

**ANSWER:     Defendant admits the quoted statement is contained in Asset**

**Acceptance Capital Corp.'s 10-K filing for the year ending December 31, 2006.**

18.     The "legal cash collections" mean collections through filing lawsuits.

**ANSWER:     Defendant denies that "legal cash collections" is defined in the**

**referenced 10-K.**

19.     The mails and telephones are used in connection with the collection of debts and
prosecution of collection litigation by or on behalf of Asset Acceptance, LLC.

**ANSWER:     Defendant admits that, depending on the circumstances, the mail and**

**telephone may be used in connection with accounts referred to legal counsel and denies the**

**remaining allegations.**

20.     Asset Acceptance, LLC is a debt collector as defined in the FDCPA.

**ANSWER:     Defendant admits that for some purposes it is a debt collector,**

**however, defendant is without knowledge or information sufficient to form a belief as to**

**whether it acted as a debt collector with respect to plaintiffs Urbaniak, Davis and Adams'**

**debts because it does not know the purpose for which plaintiffs incurred their debts.**

6292426v2 885428

**Defendant states that Sligowski is not a plaintiff or class representative and denies the allegations with respect to Sligowski.**

21.     Asset Acceptance, LLC is a "collection agency" as defined in the Illinois Collection Agency Act, as amended effective January 1, 2008.

**ANSWER:     No response is required as the allegation contains a legal conclusion. To the extent an answer is required, Defendant denies the allegations contained in paragraph 21.**

## FACTS

22.     On or about September 5, 2007, Asset Acceptance, LLC represented by its staff counsel, filed suit against plaintiff Sharon Sligowski in the Circuit Court of Cook County to collect a purported credit card debt which was alleged to have been originally owed to Providian Bank.  The complaint in case no. 07 MI 187741 is in <u>Appendix A</u>.  The case was dismissed in 2008.

**ANSWER:     Defendant denies that the allegations are relevant to any pending claims because Sharon Sligowski is not a plaintiff or class representative and has been dismissed from this lawsuit.**

23.     The alleged debt was incurred for personal, family or household purposes.

**ANSWER:     Defendant denies that the allegations are relevant to any pending claims because Sharon Sligowski is not a plaintiff or class representative and has been dismissed from this lawsuit.**

24.     The complaint did not have attached to it a contract signed by the putative debtor.

**ANSWER:     Defendant denies that the allegations are relevant to any pending claims because Sharon Sligowski is not a plaintiff or class representative and has been dismissed from this lawsuit.**

25.     On or about January 31, 2007, Asset Acceptance, LLC, represented by its staff counsel, filed suit against plaintiff Roman A. Urbaniak in the Circuit Court of Cook County, to

6292426v2 885428

collect a purported credit card debt. The case, 07 M1 107498 was dismissed in 2008.

**ANSWER:    Defendant admits the allegations contained in paragraph 25.**

26.    The alleged debt was incurred for personal, family or household purposes.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 because it does not know the purpose for which Urbaniak incurred his debt.**

27.    The complaint did not have attached to it a contract signed by the putative debtor.

**ANSWER:    Defendant does not know what plaintiff means by "contract signed by the putative debtor" and denies the allegations contained in paragraph 27.**

28.    On or about July 13, 2007 Asset Acceptance, LLC, represented by its staff counsel, filed suit against plaintiff Anthony L. Adams in the Circuit Court of Cook County to collect a purported credit card debt. The case, 07 M1 170526, was dismissed in 2008.

**ANSWER:    Defendant admits the allegations contained in paragraph 28.**

29.    The alleged debt was incurred for personal, family or household purposes.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 because it does not know the purpose for which Adams incurred his debt.**

30.    The complaint did not have attached to it a contract signed by the putative debtor.

**ANSWER:    Defendant does not know what plaintiff means by "contract signed by the putative debtor" and denies the allegations contained in paragraph 30.**

31.    On or about August 7, 2007, Asset Acceptance, LLC, represented by its staff counsel, filed suit against plaintiff Zondra Davis in the Circuit Court of Cook County to collect a purported credit card debt. The case, 07 M1 178240, was dismissed in 2008.

**ANSWER:    Defendant admits the allegations contained in paragraph 31.**

6292426v2 885428

32.     The alleged debt was incurred for personal, family or household purposes.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 because it does not know the purpose for which Davis incurred her debt.**

33.     The complaint did not have attached to it a contract signed by the putative debtor.

**ANSWER:     Defendant does not know what plaintiff means by "contract signed by the putative debtor" and denies the allegations contained in paragraph 33.**

34.     Most complaints filed by Asset Acceptance, LLC on credit card debts in Illinois courts are based on credit card debts allegedly originated by banks.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.**

35.     On information and belief, based on review of many such complaints, complaints filed by Asset Acceptance, LLC on credit cards debts in Illinois courts never have attached to them a contract signed by the putative debtor.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.**

36.     The alleged credit card debt that Asset Acceptance, LLC sought to collect from each plaintiff allegedly went into default more than five years prior to the filing of suit.

**ANSWER:     Defendant admits the allegations contained in paragraph 36.**

37.     All collection files on which Asset Acceptance, LLC files suit contain, in easily retrievable form:

      a.     The "date of last payment" allegedly made by the debtor; and

      b.     The "date of delinquency" that resulted in the debt being charged off.

**ANSWER:     Defendant denies the allegations contained in paragraph 37.**

38.     This information was also included on a page attached to most or all collection lawsuits filed by Asset Acceptance, LLC in Illinois during 2007.

8

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.**

39.    The statute of limitations applicable to an action on a contract that is not wholly in writing under Illinois law is five years.  735 ILCS 5/13-205.  <u>Parkis v. Arrow Financial Services, LLC</u>, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008); <u>Nicolai v. Mason</u>, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

**ANSWER:**    **Defendant denies the allegations contained in paragraph 39.**

40.    Under Illinois law, for there to be "written contract" the writing be "complete," in that it identifies the parties, states the date of the agreement; contains the signatures of the parties; and sets forth all terms o the parties' agreement.  <u>Brown v. Goodman</u>, 147 Ill.App.3d 935, 940, 498 N.E.2d 854 (1st Dist. 1986).  "The test for whether a contract is written under the statute of limitations in Illinois is <u>not</u> whether the contract meets the requirements of the Statute of Frauds, but whether all essential terms of the contract, including the identity of the parties, are in writing and can be ascertained from the written instrument itself.: <u>Brown v. Goodman, supra</u>, 147 Ill. App. 3d at 940-41.  If *any* essential element of the contract is omitted from the writing, "'then the contract *must* be treated as oral for purposes of the statute of limitations.'"  <u>Armstrong v. Guigler</u>, 174 Ill.2d 281, 288, 673 N.E.2d 290, 295 (1996).

**ANSWER:**    **Defendant denies the allegations contained in paragraph 40.**

41.    If nothing amounting to a contract wholly in writing is attached to the complaint pursuant to 735 ILCS 5/2-606, it is presumed that the contract is not wholly in writing.  <u>Barnes v. Peoples Gas Light & Coke Co.</u>, 103 Ill.App.2d 425, 428, 243 N.E.2d 855 (1st Dist. 1968) ("The complaint does not purport to be based on a written instrument such as a tariff.  If it were, then, of course, the relevant portions of that instrument would have to be recited in, or attached to, the pleading, and, as indicated, they were not."); <u>O.K. Electric Co. v. Fernandes</u>, 111 Ill.App.3d 466, 444 N.E.2d 264, 266-67 (2nd Dist. 1982) ("Unless the complaint purported to be based upon a written instrument, it is assumed to be an oral contract.").

**ANSWER:**    **Defendant denies the allegations contained in paragraph 41.**

42.    Furthermore, a contract is not wholly in writing if it is subject to change from time to time by means of one party sending terms to the other and the other continuing to do business or failing to object.  <u>Toth v. Mansell</u>, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); <u>Classified Ventures, Inc. v. Wrenchead, Inc.</u>, 06 C 2372, 2006 U.S. Dist. LEXIS 77359 (N.D. Ill., October 11, 2006).  This is because parol evidence is necessary to show what terms were sent from time to time and that the putative debtor accepted them by continuing to do business.

**ANSWER:**    **Defendant denies that plaintiff fully or accurately sets forth the**

9

holdings in the cited cases and denies the allegations contained in paragraph 42.

43.    Defendant Asset Acceptance, LLC regularly files suits against Illinois residents on credit card debts that are (a) in default more than five years, as measured by the later of the date of last payment or the charge-off date, (b) without attaching a contract signed by the debtor. Furthermore, the credit cards were originally issued by banks which conducted business by notifying the consumer periodically of new terms, which terms were accepted by the consumer either continuing to do business or failing to object.

**ANSWER:    Defendant admits that it files suit in Illinois for collection of credit card debts and denies the remaining allegations.**

44.    Defendant Asset Acceptance, LLC intentionally filed suit on credit card debts that allegedly went into default more than five years previously, claiming that it had ten years to file suit.

**ANSWER:    Defendant denies the allegations contained in paragraph 44.**

45.    Defendant Asset Acceptance, LLC filed suit on more than 50 credit card debts that allegedly went into default more than five years previously each month during 2007.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.**

**COUNT I – FDCPA**

46.    Plaintiff incorporates paragraphs 1-46.

**ANSWER:    For its answer to paragraph 46, defendant restates and reincorporates its answers to paragraphs 1 through 46 as if fully set forth herein.**

47.    The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. § 1692f.

**ANSWER:    Defendant denies it files time-barred lawsuits and accordingly denies each and every allegation contained in paragraph 47.**

48.    Section 1692e provides:

**§1692e.    False or misleading representations [Section 807**

10

of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...

(2)    The false representation of—

(A)    the character, amount, or legal status of any debt;…

(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debtor or to obtain information concerning a consumer . . .

<u>ANSWER:</u>    Defendant admits that paragraph 48 recites certain portions of § 1692e and denies that it violated these provisions.

49.    Section 1692f provides:

§1692f.    Unfair practices [Section 808 of P.L.]

A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt . . .

<u>ANSWER:</u>    Defendant admits that paragraph 49 cites a portion of § 1692f and denies that it violated § 1692f.

## CLASS ALLEGATIONS

50.    Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

<u>ANSWER:</u>    Defendant admits that plaintiffs' Amended Complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 50. Defendant denies that Sligowski is a plaintiff or class representative.

11

51.     The class consists of (a) all individuals (b) against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, (c) to collect an alleged credit card debt (d) where the later of the "date of delinquency" or "date of last payment", according to the records of Asset Acceptance, LLC, was more than five years prior to the filing at the time of filing, (e) which lawsuit was filed during a period beginning January 25, 2007 (one year prior to the filing of this action) and ending February 14, 2008 (20 days after the filing of this action).

**ANSWER:     Defendant admits that plaintiffs' Amended Complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 51.  Defendant denies that Sligowski is a plaintiff or class representative.**

52.     The class is so numerous that joinder of all members is not practicable.

**ANSWER:     Defendant admits that plaintiffs' Amended Complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 52.  Defendant denies that Sligowski is a plaintiff or class representative.**

53.     On information and belief, there are more than 50 individuals against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, to collect an alleged credit card debt where the later of the "date of delinquency" or "date of last payment", according to the records of Asset Acceptance, LLC, was more than five years prior to the filing at the time of filing, which lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:     Defendant admits that plaintiffs' Amended Complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 53.  Defendant denies that Sligowski is a plaintiff or class representative.**

54.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the FDCPA.

**ANSWER:     Defendant admits that plaintiffs' Amended Complaint purports to be**

12

6292426v2 885428

brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 54.  Defendant denies that Sligowski is a plaintiff or class representative.

55.     Plaintiffs' claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

**ANSWER:**     **Defendant admits that plaintiffs' Amended Complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 55.  Defendant denies that Sligowski is a plaintiff or class representative.**

56.     Plaintiffs will fairly and adequately represent the class members.  Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:**     **Defendant admits that plaintiffs' Amended Complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 56.  Defendant denies that Sligowski is a plaintiff or class representative.**

57.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:**     **Defendant admits that plaintiffs' Amended Complaint purports to be brought on behalf of a class and in further answering, denies a class exists or that one should be certified and accordingly denies the allegations in paragraph 57.  Defendant denies that Sligowski is a plaintiff or class representative.**

13

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

58.     Plaintiff incorporates paragraphs 1-46.

**ANSWER:     For its answer to paragraph 58, defendant restates and realleges its answers to paragraphs 1 through 46 as if fully set forth herein.**

59.     Asset Acceptance, LLC is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq., as amended effective January 1, 2008.

**ANSWER:     Defendant denies the allegations contained in paragraph 59.**

60.     Effective January 1, 2008, "collection agency" in 225 ILCS 425/2 was defined to include "any person who, in the ordinary course of business, regularly, <u>on behalf of himself or herself or others</u>, engages in debt collection." (Emphasis added)

**ANSWER:     No response is required because the allegations state a legal conclusion.    To the extent an answer is required, Defendant admits the allegations contained in paragraph 60.**

61.     In addition, 225 ILCS 425/2.02 now defines "collection agency" to mean "any person, association, partnership, corporation, or legal entity who, for compensation, either contingent or otherwise, or for other valuable consideration, offers services to collect an alleged delinquent debt".

**ANSWER:     Defendant denies the allegations contained in paragraph 61.**

62.     Finally, 225 ILCS 425/3 was amended to provide that "A person association, partnership, corporation, or other legal entity acts as a collection agency when he or it: . . . (d) Buys accounts, bills or other indebtedness and engages in collection the same . . ." Previously 225 ILCS 425/3 had provided that one was a "collection agency" if one "Buys accounts, bills or other indebtedness with recourse and engages in collection the same . . . ."

**ANSWER:     Defendant admits the allegations contained in paragraph 62.**

63.     The purpose of the additions and changes to the Illinois Collection Agency Act quoted above was to bring within the definitions entities such as Asset Acceptance, LLC which purchase delinquent debts for their own account and collect them.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and accordingly denies**

14

same.

64.     By filing and prosecuting suits on time-barred debts, Asset Acceptance, LLC violated the following provisions of 225 ILCS 425/9(a), which defines violations of the Collection Agency Act:

> **. . . (20)   Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

> **(31)   Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public . . . .**

**ANSWER:**     **Defendant denies the allegations contained in paragraph 64.**

65.     There is a private right of action exists for violation of the Collection Agency Act. Sherman v. Field Clinic, 74 Ill.App.3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:**     **Defendant denies the allegations contained in paragraph 65.**

66.     Plaintiffs were damaged as a result of defendant's violations.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 66.**

67.     Defendant's violations were intentional and malicious.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 67.**

## CLASS ALLEGATIONS

68.     Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:**     **Defendant admits that plaintiffs purport to bring their claims on behalf of a class; however defendant denies that a class exists or that one should be certified.  Defendant denies that Sligowski is a plaintiff or class representative.**

69.     The class consists of (a) all individuals (b) against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, (c) to collect an alleged bank-issued credit card debt (d) where the later of the "date of delinquency" or "date of last payment", according to the records of Asset Acceptance, LLC, was more than five years prior to the filing at the time of filing, (e) which lawsuit was pending at any time after December 31, 2007.

6292426v2 885428

**ANSWER:** **Defendant admits that plaintiffs purport to bring their claims on behalf of a class; however defendant denies that a class exists or that one should be certified. Defendant denies that Sligowski is a plaintiff or class representative.**

70.     The class is so numerous that joinder of all members is not practicable.

**ANSWER:** **Defendant admits that plaintiffs purport to bring their claims on behalf of a class; however defendant denies that a class exists or that one should be certified. Defendant denies that Sligowski is a plaintiff or class representative.**

71.     On information and belief, there are more than 50 individuals against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, to collect an alleged bank-issued credit card debt, where the later of the "date of delinquency" or "date of last payment", according to the records of Asset Acceptance, LLC, was more than five years prior to the filing at the time of filing, which lawsuit was pending at any time after December 31, 2007.

**ANSWER:** **Defendant admits that plaintiffs purport to bring their claims on behalf of a class; however defendant denies that a class exists or that one should be certified. Defendant denies that Sligowski is a plaintiff or class representative.**

72.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the Collection Agency Act.

**ANSWER:** **Defendant admits that plaintiffs purport to bring their claims on behalf of a class; however defendant denies that a class exists or that one should be certified. Defendant denies that Sligowski is a plaintiff or class representative.**

73.     Plaintiffs' claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

**ANSWER:** **Defendant admits that plaintiffs purport to bring their claims on behalf of a class; however defendant denies that a class exists or that one should be certified. Defendant denies that Sligowski is a plaintiff or class representative.**

6292426v2 885428

74.    Plaintiffs will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

**ANSWER:    Defendant admits that plaintiffs purport to bring their claims on behalf of a class; however defendant denies that a class exists or that one should be certified.  Defendant denies that Sligowski is a plaintiff or class representative.**

75.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.    Individual actions are not economically feasible.

      b.    Members of the class are likely to be unaware of their rights;

**ANSWER:    Defendant admits that plaintiffs purport to bring their claims on behalf of a class; however defendant denies that a class exists or that one should be certified.  Defendant denies that Sligowski is a plaintiff or class representative.**

## AFFIRMATIVE DEFENSES

1.    For its first affirmative defense, defendant states that plaintiffs have failed to state a claim pursuant to the FDCPA because defendants' complaints were not time-barred.

2.    For its second affirmative defense, defendant states that any violation of the FDCPA, which defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

3.    For its third affirmative defense, defendant states that plaintiffs and/or some of the putative class member's purported causes of action may not be allowed to proceed within the United States District Court system as defendant may possess the contractual right to move to compel arbitration based on contracts entered into by plaintiffs and individual class members.

4.    For its fourth affirmative defense, defendant asserts that plaintiffs' claims are barred by the litigation privilege and doctrine of absolute witness immunity.

5.    For its fifth affirmative defense, defendant states that additional affirmative defenses may exist as to individual class members such as the voluntary payment doctrine, claims subject to bankruptcy, the Rooker-Feldman doctrine or other defenses.

6.    For its sixth affirmative defense, defendant states that under the Noerr Pennington doctrine, Asset is immune from suit under the FDCPA for pursuing state court litigation against

17

plaintiff.

7.    For its seventh affirmative defense, defendant states that plaintiffs have failed to state a claim pursuant to the Illinois Collection Agency Act because the Act's attorney exemption demonstrates that it does not govern litigation or pleadings.  In addition, Asset was not a "collection agency: pursuant to the applicable definition in the Act at the time it filed suit against each plaintiff.

8.    For its eighth affirmative defense, defendant states that some or all of plaintiffs and the class members claims may be barred by res judicata or collateral estoppel to the extent judgments were obtained against them.

9.    To the extent that Plaintiffs seek excessive punitive damages, that claim is barred by the Due Process Clause of the United States Constitution.

10.    For its tenth affirmative defense, defendant states that plaintiffs lack standing to raise a claim pursuant to the Illinois Collection Agency Act.

Respectfully submitted,

By:  s/Jennifer W. Weller
     Jennifer W. Weller
     One of the attorneys for
     Asset Acceptance, LLC

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

6292426v2 885428